

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

|  |  |  |
|---|---|---|
| CROWN EQUIPMENT CORPORATION<br>40 South Washington Street<br>New Bremen, Ohio 45869, | : | CASE NO. **3 : 08 cv 0 4 6 0** |
|  | : | **THOMAS M. ROSE** |
| and | : |  |
|  | : |  |
| 750 Center Drive<br>Vandalia, Ohio 45477, | : | COMPLAINT FOR PRELIMINARY<br>AND PERMANENT INJUNCTIVE<br>RELIEF AND FOR |
|  | : | DECLARATORY JUDGMENT |
| Plaintiff, | : |  |
|  | : | (JURY DEMAND ENDORSED<br>HEREON) |
| v. | : |  |
|  | : |  |
| HANGZHOU ZHELI FORKLIFT<br>GROUP CO., LTD.<br>NO. 1 Xindeng Industrial Park<br>Fuyang City, Zhejiang Province<br>P.R. China | : |  |
|  | : |  |
| c/o Janet Lee (Domestic Representative)<br>1747 Chadwicke Circle<br>Naperville, IL 60540-0398 | : |  |
|  | : |  |
| Defendant. | : |  |

## INTRODUCTION

1.      Plaintiff Crown Equipment Corporation ("Crown") brings this Complaint

seeking injunctive relief against Defendant Hangzhou Zheli Forklift Group Co., Ltd. ("Zheli")

for its various and indiscriminate acts of infringement, copying and unfair competition. In order

to exploit for its products the goodwill developed by Crown, and to deceive prospective

customers of Crown, Chinese manufacturer Zheli has purposely copied the distinctive and

patented designs of Crown lift trucks, and the trademarks and trade dress used in connection with

Crown's lift trucks, and has misappropriated Crown materials protected by copyright. In order to

gain a foothold for its infringing products in the United States, Zheli has also begun soliciting

Crown's dealer network in the United States. In this Complaint, therefore, Crown claims patent

infringement under 35 U.S.C. § 271, trademark infringement under 15 U.S.C. § 1114(1), unfair

competition under 15 U.S.C. § 1125(a)(1), trademark infringement under the common law of

Ohio and Ohio Rev. Code § 1329.65, deceptive trade practices under Ohio Rev. Code § 4165.02,

trademark dilution under the common law of Ohio, copyright infringement under 17 U.S.C.

§ 501, and tortious interference with contract and business expectancy under Ohio common law.

Crown is providing Defendant Zheli with notice of its infringing conduct, misappropriation and

unfair competition and asking it to cease and desist. A copy of Crown's December 15, 2008

letter is attached as Exhibit A.

## PARTIES, JURISDICTION, AND VENUE

2.      Crown is a corporation organized and existing under the laws of Ohio,

with its principal office at 40 South Washington Street, New Bremen, Ohio 45869. Crown

regularly transacts business in this judicial district, and has an affiliated branch in this judicial

district that sells and services Crown lift trucks and other equipment. The Crown affiliated

branch does business at 750 Center Drive, Vandalia, Ohio 45477.

3.      Zheli is a Chinese manufacturer of lift trucks. Upon information and

belief, Zheli is a corporation organized and existing under the laws of P.R. China. Its principal

place of business is located in Fuyang City, Zhejiang Province, P.R. China. It has appointed a domestic representative in the United States and does business in the United States.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1338(a) and (b). This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. This Court also has jurisdiction of the state law claims under § 1332(a)(2), since Crown is a citizen of Ohio and Zheli is a citizen of a foreign state, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Zheli under Ohio's long-arm statute, Ohio Rev. Code § 2307.382. Zheli has transacted business in Ohio within the meaning of Ohio Rev. Code § 2307.382(A)(1) by soliciting numerous Crown dealers, including persons in Ohio, via email to sell Zheli's line of infringing lift trucks, which email directs the recipient of the email to Zheli's website www.unforklift.com, and by making that website accessible to users in Ohio. One of the recipients from Zheli of an email communication soliciting business is the Crown affiliated branch located in Vandalia, Ohio. Further, Zheli has caused tortious injury in Ohio within the meaning of Ohio Rev. Code § 2307.382(A)(4) and (6) by its email solicitations and by its infringement of trademarks and copyrights owned by Crown, which intellectual property is located in Ohio. Crown has therefore suffered injury from the infringement in Ohio within the meaning of Ohio Rev. Code § 2307.82. Zheli's email solicitations constitute solicitation of business and a "persistent course of conduct" causing tortious injury in this state within the meaning of Ohio Rev. Code § 2307.382(A)(4). In addition, Zheli's infringement of Crown's intellectual property has caused injury in Ohio and was committed with the purpose of injuring Crown. Zheli should reasonably have expected that its infringement and copying would

3

injure Crown. This Court therefore also has personal jurisdiction over Zheli under Ohio Rev. Code § 2307.382(A)(6).

6. This paragraph is pled pursuant to Fed. R. Civ. P. 8(d). Alternatively, in the event this Court deems that no individual state has personal jurisdiction over Zheli, this Court has personal jurisdiction over Zheli through application of Fed. R. Civ. P. 4(k)(2). This Complaint includes numerous claims arising under the laws of the United States. Zheli has sufficient contacts with the United States as a whole to subject it to this Court's jurisdiction. Those contacts include the improper solicitation via email of a number of Crown dealers and branches in various locations in the United States; the accessibility of Zheli's website www.unforklift.com to users in the entirety of the United States; the filing of an application for trademark registration with the United States Patent and Trademark Office, in which Zheli states that the alleged trademark is being used in connection with the sale of lift trucks by Zheli in the United States; and the appointment of a domestic agent in Naperville, Illinois for receipt of notices or process in proceedings affecting Zheli's mark.

7. Venue is proper under 28 U.S.C. § 1391(d), which provides that an alien may be sued in any district. Venue is also proper in this District under 28 U.S.C. §§ 1391(b) and (c), because Zheli is subject to personal jurisdiction here and because a substantial part of events giving rise to the claims occurred in this District.

FIRST CLAIM FOR RELIEF:  DECLARATORY JUDGMENT
OF PATENT INFRINGEMENT
(U.S. Pat. No. D441,936)

8. Crown incorporates the allegations of paragraphs 1 through 7 of this Complaint as if fully restated.

4

9.     United States Patent No. D441,936 S ("the '936 patent"), entitled "Counterbalance Lift Truck" was duly and legally issued on May 8, 2001 to inventors Baron C. Brandt, et al. An accurate copy of the '936 patent is attached as Exhibit B. Crown is assignee of all right, title, and interest in the '936 patent. Crown therefore has the right to sue for infringement of the '936 patent.

10.     Without authorization, consent or permission, Zheli has announced its intention to sell, and offer to sell, in the United States lift trucks whose design infringes the '936 patent. In particular, Zheli's website unforklift.com shows a lift truck referred to on that site as a 3-wheel FB battery forklift truck. That model of truck is currently being manufactured in China. Zheli intends to sell and offer for sale that model of truck in the United States. That model of truck infringes the '936 patent.

11.     Zheli has engaged in activity directed to committing acts in the United States that infringe the '936 patent, and it is preparing, via its manufacture of infringing lift trucks in China and its solicitation of dealers in the United States, to commit acts that infringe the '936 patent.

12.     On December 15, 2008, Zheli is being provided with notice that its manufacture, use, sale and offers to sell lift trucks whose design infringes the '936 patent violates Crown's rights. An accurate copy of the December 15, 2008 letter is attached as Exhibit A. Zheli has ignored the notice and, upon information and belief, has continued on its course to commit acts of infringement of the '936 patent in the United States, including selling or offering to sell the 3-wheel FB battery forklift truck.

13.     An actual, continuing, and substantial controversy exists between Crown and Zheli as to whether lift trucks manufactured, sold, and offered for sale by Zheli infringe the '936 patent.

14.     Crown is entitled to a judgment that lift trucks manufactured, sold, and offered for sale by Zheli infringe the '936 patent.

SECOND CLAIM FOR RELIEF:  DECLARATORY JUDGMENT
OF PATENT INFRINGEMENT
(U.S. Pat. No. D466,669)

15.     Crown incorporates the allegations of paragraphs 1 through 14 of this Complaint as if fully restated.

16.     United States Patent No. D466,669 S ("the '669 patent"), entitled "Materials Handling Vehicle" was duly and legally issued on December 3, 2002 to inventors James V. Kraimer, et al.  An accurate copy of the '669 patent is attached as Exhibit C.  Crown is assignee of all right, title, and interest in the '669 patent.  Crown therefore has the right to sue for infringement of the '669 patent.

17.     Without authorization, consent or permission, Zheli has announced its intention to sell, and offer to sell, in the United States lift trucks whose design infringes the '669 patent.  In particular, Zheli's website unforklift.com shows a lift truck referred to on that site as a 4-wheel FB battery forklift truck.  That model of truck is currently being manufactured in China.  Zheli intends to sell and offer for sale that model of truck in the United States.  That model of truck infringes the '936 patent.

6

18.     Zheli has engaged in activity directed to committing acts in the United States that infringe the '669 patent, and it is preparing, via its manufacture of infringing lift trucks in China and its solicitation of dealers in the United States, to commit acts that infringe the '669 patent.

19.     On December 15, 2008, Zheli is being provided with notice that its manufacture, use, sale and offers to sell lift trucks whose design infringes the '669 patent violates Crown's rights.  An accurate copy of the December 15, 2008 letter is attached as Exhibit A. Zheli has ignored the notice and, upon information and belief, has continued on its course to commit acts of infringement of the '669 patent in the United States, including selling or offering to sell the 4-wheel FB battery forklift truck.

20.     An actual, continuing, and substantial controversy exists between Crown and Zheli as to whether lift trucks manufactured, sold, and offered for sale by Zheli infringe the '669 patent.

21.     Crown is entitled to a judgment that lift trucks manufactured, sold, and offered for sale by Zheli infringe the '669 patent.

THIRD CLAIM FOR RELIEF:  INFRINGEMENT UNDER
SECTION 32(1) OF THE LANHAM ACT (15 U.S.C. § 1114(1))
OF FEDERALLY REGISTERED MARK
(The Color Beige)

22.     Crown incorporates the allegations of paragraphs 1 through 21 of this Complaint as if fully restated.

23.     Crown is the owner of several trademarks consisting of the color beige applied to certain parts of pallet trucks, forklifts and other types of material handling equipment (hereinafter "the Beige Mark" or "Crown's Beige Mark").

24.     Crown has used the Beige Mark continuously in the United States for over forty (40) years in connection with material handling equipment.

25.     As the result of the consistently high quality of Crown's goods, the millions of dollars spent by Crown to market both the Beige Mark and its products, and the sales success enjoyed by Crown in the marketplace for material handling equipment, the Beige Mark has become widely and favorably known to warehouse personnel throughout the United States, with the result that Crown's Beige Mark and its goods have become associated in the minds of Crown's customers and prospective customers.

26.     Crown is the owner of enormously valuable goodwill in the Beige Mark, and in particular owns a number of federal trademark registrations on the Beige Mark, including the following:

(a)     U.S. Reg. No. 3,356,101 issued December 18, 2007, for the Beige Mark in connection with hand pallet trucks.  This registration is valid and in full force and effect. A copy of the registration certificate is attached hereto as Exhibit D-1.

(b)     U.S. Reg. No. Reg. No. 3,214,895 issued March 6, 2007, for the Beige Mark in connection with fork lift trucks.  This registration is valid and in full force and effect.  A copy of the registration certificate is attached hereto as Exhibit D-2.

8

(c)     U.S. Reg. No. 3,356,104 issued December 18, 2007, for the Beige Mark in connection with fork lift trucks. This registration is valid and in full force and effect. A copy of the registration certificate is attached hereto as Exhibit D-3.

(d)     U.S. Reg. No. 3,356,106 issued December 18, 2007, for the Beige Mark in connection with pallet trucks. This registration is valid and in full force and effect. A copy of the registration certificate is attached hereto as Exhibit D-4.

(e)     U.S. Reg. No. 3,390,669 issued March 4, 2008, for the Beige Mark in connection with pallet trucks. This registration is valid and in full force and effect. A copy of the registration certificate is attached hereto as Exhibit D-5.

(f)     U.S. Reg. No. 3,484,857 issued August 12, 2008, for the Beige Mark in connection with fork lift trucks. This registration is valid and in full force and effect. A copy of the registration certificate is attached hereto as Exhibit D-6.

(g)     U.S. Reg. No. 3,484,858 issued August 12, 2008, for the Beige Mark in connection with fork lift trucks. This registration is valid and in full force and effect. A copy of the registration certificate is attached hereto as Exhibit D-7.

(h)     U.S. Reg. No. 3,484,863 issued August 12, 2008, for the Beige Mark in connection with fork lift trucks. This registration is valid and in full force and effect. A copy of the registration certificate is attached hereto as Exhibit D-8.

27.     Zheli manufactures and sells material handling equipment. Among Zheli's goods are lift trucks that use the color beige, which is identical or deceptively similar to Crown's

Beige Mark. An example of a page from Zheli's website showing its beige-colored lift trucks is attached as Exhibit E.

28. An email sent to Crown dealers in the United States by Zheli to solicit Crown dealers to sell its "un" forklift line of trucks shows the trucks as using Crown's Beige Mark. An accurate copy of that email is attached as Exhibit F.

29. Zheli has used the Beige Mark on trucks, its marketing materials, and on its unforklift.com website, which is accessible to any user of the Internet in the United States.

30. Zheli has filed a United States trademark application claiming use of its alleged "un" mark in connection with the sale of lift trucks since June 26, 2008. An accurate copy of that trademark application is attached as Exhibit G. The photograph of a lift truck attached to the application is an altered photograph of a Crown FC truck, taken from Crown's website Crown.com, and that shows use of the Beige Mark. Zheli is attempting to pass off Crown's lift trucks as its own.

31. Zheli's advertisement, sale, and offer for sale of lift trucks that use the color beige as applied to lift trucks constitute infringement of Crown's Beige Mark.

32. Upon information and belief, Zheli had knowledge of Crown's Beige Mark prior to the manufacture and sale of the lift trucks with Crown's Beige Mark, and Zheli has sold and continues to sell and offer for sale lift trucks with Crown's Beige Mark in a bad faith attempt to profit wrongly from the enormously valuable goodwill in Crown's Beige Mark.

10

33.     On December 15, 2008, Zheli is being provided with notice that its unauthorized sale and distribution of material handling equipment with the use of the color beige violated Crown's rights.  A copy of the December 15, 2008 letter is attached as Exhibit A.

34.     Zheli has ignored the notice and, upon information and belief, continues to manufacture, sell, and offer to sell the lift trucks with Crown's Beige Mark.

35.     Zheli's activities have caused and are likely to cause confusion or mistake or deception as to the origin of the lift trucks it offers for sale.  Zheli's activities have also caused and are likely to cause confusion or mistake or deception as to the existence of any relationship or affiliation between Crown and Zheli.

36.     Attached as Exhibit H is promotional material of beige-colored counterbalance lift trucks as trademarked by Crown.  Attached as Exhibit I is promotional material of the deceptively similar, and also beige-colored, counterbalance lift truck being distributed and sold by Zheli.

37.     Crown has no control over the quality of the goods sold by Zheli, and because of likely confusion as to source engendered by Zheli Crown's valuable goodwill in its Beige Mark is at the whim of Zheli.

38.     The goodwill of Crown's business under its Beige Mark is of enormous value, and Crown has suffered and will continue to suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill.

39.     Zheli's infringement will continue unless enjoined by this Court.

40.     As a direct and proximate cause of Zheli's infringement of the Beige Mark, Crown has suffered and will continue to suffer damage to its business, reputation and goodwill.

41.     Zheli's unauthorized use of the Beige Mark has caused and will continue to cause, until enjoined, irreparable injury as to which it has no adequate remedy at law.

42.     Zheli's infringement of the Beige Mark is willful.

FOURTH CLAIM FOR RELIEF:  INFRINGEMENT UNDER
SECTION 32(1) OF THE LANHAM ACT (15 U.S.C. § 1114(1)
OF FEDERALLY REGISTERED MARK
(MOMENTUM MARK)

43.     Crown incorporates the allegations of paragraphs 1 through 42 of this Complaint as if fully restated.

44.     Crown is the owner of a trademark consisting of an ellipsis or incomplete oval shape applied to the surface of pallet trucks, forklifts and other types of material handling equipment and known as the "Momentum" mark (hereinafter "the Momentum Mark" or "Crown's Momentum Mark").

45.     Crown has used the Momentum Mark continuously in the United States since 2002 in connection with material handling equipment.

46.     As the result of the consistently high quality of Crown's goods, the millions of dollars spent by Crown to market both the Momentum Mark and its products, and the sales success enjoyed by Crown in the marketplace for material handling equipment, the Momentum Mark has become widely and favorably known to warehouse personnel throughout

12

the United States, with the result that Crown's Momentum Mark and its goods have become associated in the minds of Crown's customers and prospective customers.

47.     Crown is the owner of enormously valuable goodwill in the Momentum Mark, and in particular owns a federal trademark registration on the Momentum Mark, U.S. Reg. No. 2,735,391, which was issued July 8, 2003, for the Momentum Mark in connection with material handling equipment and parts. This registration is valid and in full force and effect. A copy of the registration certificate is attached as Exhibit J.

48.     Zheli manufactures and sells material handling equipment. Among Zheli's goods are lift trucks that use a configuration that is identical or deceptively similar to Crown's Momentum Mark

49.     Zheli's advertisement, sale, and offer for sale of lift trucks that use a configuration that is identical or deceptively similar to Crown's Momentum Mark constitute infringement of Crown's Momentum Mark.

50.     Upon information and belief, Zheli had knowledge of Crown's Momentum Mark prior to the manufacture and sale of the lift trucks with Crown's Momentum Mark, and Zheli has sold and continues to sell and offer for sale lift trucks with Crown's Momentum Mark in a bad faith attempt to profit wrongly from the enormously valuable goodwill in Crown's Momentum Mark.

51.     On December 15, 2008, Zheli is being as provided with notice that its unauthorized sale and distribution of material handling equipment using Crown's Momentum Mark violated Crown's rights. A copy of the December 15, 2008 letter is attached as Exhibit A.

52. Zheli has ignored the notice and, upon information and belief, continues to manufacture, sell, and offer to sell the lift trucks with Crown's Momentum Mark.

53. Zheli's activities have caused and are likely to cause confusion or mistake or deception as to the origin of the lift trucks it offers for sale. Zheli's activities have also caused and are likely to cause confusion or mistake or deception as to the existence of any relationship or affiliation between Crown and Zheli.

54. Crown has no control over the quality of the goods sold by Zheli, and because of likely confusion as to source engendered by Zheli Crown's valuable goodwill in its Momentum Mark is at the whim of Zheli.

55. The goodwill of Crown's business under its Momentum Mark is of enormous value, and Crown has suffered and will continue to suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill.

56. Zheli's infringement will continue unless enjoined by this Court.

57. As a direct and proximate cause of Zheli's infringement of the Momentum Mark, Crown has suffered and will continue to suffer damage to its business, reputation and goodwill.

58. Zheli's unauthorized use of the Momentum Mark has caused and will continue to cause, until enjoined, irreparable injury as to which it has no adequate remedy at law.

59. Zheli's infringement of the Momentum Mark is willful.

FIFTH CLAIM FOR RELIEF: FALSE DESIGNATION OF ORIGIN
AND UNFAIR COMPETITION UNDER SECTION 43(a)(1)(B)
OF THE LANHAM ACT (15 U.S.C. § 1125(a)(1)(B))

60.     Crown incorporates the allegations of paragraphs 1 through 59 of this Complaint as if fully restated.

61.     The acts of Zheli as to the Momentum Mark have caused and are likely to cause confusion or mistake or deception as to the origin of the lift trucks it offers for sale. Zheli's activities have also caused and are likely to cause confusion or mistake or deception as to the existence of any relationship or affiliation between Crown and Zheli.

62.     The acts of Zheli as to the Momentum Mark have caused and are likely to cause confusion or mistake or deception as to the origin of the lift trucks it offers for sale. Zheli's activities have also caused and are likely to cause confusion or mistake or deception as to the existence of any relationship or affiliation between Crown and Zheli.

63.     Zheli's unauthorized use of the Beige Mark and the Momentum Mark and the resulting similarity to Crown lift trucks of the goods sold and offered for sale by Zheli is likely to create confusion to cause mistake. Zheli's use of the color beige as applied to lift trucks and its use of the Momentum Mark has deceived and is likely to deceive customers and perspective customers into believing that Zheli's products are Crown's.

64.     As a direct and proximate cause of Zheli's unfair competition as alleged in this Complaint, Crown has suffered and will continue to suffer damage to its business, reputation and goodwill.

15

65.     Zheli's unfair competition has caused and will continue to cause, until enjoined, irreparable injury as to which it has no adequate remedy at law.

66.     Zheli's unfair competition is willful.

### SIXTH CLAIM FOR RELIEF:  DECLARATORY JUDGMENT OF TRADE DRESS INFRINGEMENT UNDER SECTION 43(a)(1)(A) OF THE LANHAM ACT (15 U.S.C. § 1125(a)(1)(A)) (Crown lift trucks including SC and FC designs)

67.     Crown incorporates the allegations of paragraphs 1 through 66 of this Complaint as if fully restated.

68.     The trade dress of Crown's SC and FC counterbalance lift trucks, which includes the use of the color beige, and other non-functional characteristics of those trucks, distinguishes the appearance of Crown's products from that of competing products.  The trade dress of those trucks has acquired secondary meaning among the buyers and users of lift trucks, and serves to designate the source and origin of those lift trucks as Crown.  Photographs of SC and FC trucks are attached as Exhibits H.

69.     Zheli's FB battery forklift trucks uses trade dress deceptively similar to the trade dress of Crown's SC and FC lift trucks.  An email sent to Crown dealers in the United States by Zheli to solicit Crown dealers to sell its "un" forklift line of trucks shows the trucks as using Crown's trade dress.  An accurate copy of that email is attached as Exhibit F.  Zheli has also used the trade dress on trucks, its marketing materials, and on its unforklift.com website, which is accessible to any user of the Internet in the United States.

16

70. Zheli has announced an intention to sell or offer for sale in the United States lift trucks that copy and infringe the trade dress of Crown's SC and FC series counterbalance lift trucks.

71. Zheli's advertisement, sale, and offer for sale of lift trucks that use trade dress deceptively similar to Crown's trade dress constitute infringement of Crown's trade dress.

72. Upon information and belief, Zheli had knowledge of Crown's trade dress prior to the manufacture and sale of the lift trucks with Crown's trade dress, and Zheli has sold and continues to sell and offer for sale lift trucks with Crown's trade dress in a bad faith attempt to profit wrongly from the enormously valuable goodwill in Crown's trade dress.

73. On December 15, 2008, Zheli is being provided with notice that its unauthorized sale and distribution of material handling equipment using Crown's trade dress violated Crown's rights. A copy of the December 15, 2008 letter is attached as Exhibit A.

74. Zheli's improper use of the trade dress of Crown's SC and FC series lift trucks is likely to create confusion and to cause mistake. The use of the trade dress of Crown's SC and FC series lift trucks has deceived and is likely to deceive customers and prospective customers into believing that Zheli's products are those of Crown.

75. An actual, continuing, and substantial controversy exists between Crown and Zheli as to whether lift trucks manufactured, sold, and offered for sale by Zheli infringe Crown's trade dress.

76. Crown is entitled to a judgment that lift trucks manufactured, sold, and offered for sale by Zheli infringe Crown's trade dress.

17

SEVENTH CLAIM FOR RELIEF:  TRADE DRESS INFRINGEMENT UNDER
SECTION 43(a)(1)(A) OF THE LANHAM ACT (15 U.S.C. § 1725(a)(1)(A))

77.     Crown incorporates the allegations of paragraphs 1 through 76 of this
Complaint as if fully restates.

78.     The trade dress of Crown includes use of the distinctive colors beige,
orange, dark grey in connection with its lift trucks and promotional and marketing materials.
Crown's trade dress includes use of the Crown logo.  Examples of the use of colors and the
Crown logo in promotional materials (collectively referred to in this Complaint as "Crown colors
and Crown logo") are attached as Exhibit K.  The Crown colors and Crown logo each distinguish
the appearance of Crown's products from that of competing products.  The trade dress consisting
of either Crown colors or the Crown logo has acquired secondary meaning among the buyers and
users of lift trucks, and serves to designate the source of origin of lift trucks and Crown
promotional materials as Crown.

79.     Zheli's website unforklift.com and its logo, the "un" logo, use colors that
are deceptively similar to the trade dress used in connection with Crown lift trucks and Crown
promotional materials.  A screenshot of a representative page of Zheli's website using Crown
colors and the "un logo" is attached as Exhibit L.

80.     Zheli has also filed a United States trademark application on the "un" logo
claiming use of its alleged "un" mark in connection with the sale of lift trucks since June 26,
2008.  An accurate copy of that trademark application is attached as Exhibit G.  The mark uses
grey, beige, and orange colors deceptively similar to those used in connection with Crown's sale
of and marketing of lift trucks.  Zheli is attempting to pass off Crown's lift trucks as its own.

81. Zheli's use on its website and in its trademark application of colors that are deceptively similar to Crown's trade dress constitutes infringement of Crown's trade dress.

82. Upon information and belief, Zheli had knowledge of Crown's trade dress prior its use of colors on its website and in its logo that are deceptively similar to Crown's trade dress, and Zheli continues to use Crown's trade dress in a bad faith attempt to profit wrongly from the enormously valuable goodwill in Crown's trade dress.

83. On December 15, 2008, Zheli is being provided with notice that its unauthorized sale and distribution of material handling equipment using Crown's trade dress violated Crown's rights. A copy of the December 15, 2008 letter is attached as Exhibit A.

84. Zheli's improper use of the trade dress of Crown is likely to create confusion and to cause mistake. The use of the trade dress of Crown has deceived and is likely to deceive customers and prospective customers into believing that Zheli's products are those of Crown.

85. As a direct and proximate cause of Zheli's infringement of Crown's trade dress and unfair competition as alleged in this Complaint, Crown has suffered and will continue to suffer damage to its business, reputation and goodwill.

86. Zheli's infringement of Crown's trade dress and unfair competition has caused and will continue to cause, until enjoined, irreparable injury as to which it has no adequate remedy at law.

87. Zheli's infringement of Crown's trade dress and unfair competition is willful.

EIGHTH CLAIM FOR RELIEF: COMMON LAW
TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

88.     Crown incorporates the allegations of paragraphs 1 through 87 of this
Complaint as if fully restated.

89.     By committing the acts alleged in this Complaint, Zheli has engaged in
trademark infringement, unfair competition, deceptive advertising and unfair trade practices, in
violation of the Ohio common law of trademark and unfair competition.  Zheli's unlawful
conduct will continue to damage Crown irreparably unless enjoined by this Court, and Crown
has no adequate remedy at law.

NINTH CLAIIM FOR RELIEF: DECEPTIVE TRADE PRACTICES
UNDER OHIO REV. CODE § 4165.02

90.     Crown incorporates the allegations of paragraphs 1 through 89 of this
Complaint as if fully restated.

91.     Crown's federal trademark registrations are trademarks as defined by Ohio
Rev. Code § 4165.01(F).

92.     Zheli's unlawful use of Crown's trademarks are likely to cause confusion
or misunderstanding as to the source of the lift trucks.

93.     Zheli's conduct has violated, and will continue to violate Ohio Rev. Code
§ 4165.02(A)(1)-(3).

94.     As a direct and proximate result of Zheli's conduct, Crown is entitled to
injunctive relief, and the recovery of its attorneys' fees pursuant to Ohio Rev. Code § 4165.03.

## TENTH CLAIM FOR RELIEF:  COMMON LAW TRADEMARK DILUTION

95.     Crown incorporates the allegations of paragraphs 1 through 94 of this Complaint as if fully restated.

96.     Crown's Beige Mark has, through extensive use, advertising, and publicity over many decades has acquired secondary meaning and strong recognition among customers and prospective customers.

97.     Crown's Momentum Mark is inherently distinctive.  Alternatively, through extensive use, advertising, and publicity, the Momentum Mark has acquired secondary meaning and strong recognition among customers and prospective customers.

98.     Zheli's unauthorized use of the Beige Mark and Momentum Mark as alleged in this Complaint tends to, and does, dilute, tarnish, and blur the distinctiveness of those marks.

99.     As a direct and proximate cause of Zheli's dilution of Crown's trademarks Mark, Crown has suffered and will continue to suffer damage to its business, reputation and goodwill.

100.    Zheli's dilution of Crown's trademarks has caused and will continue to cause, until enjoined, irreparable injury as to which it has no adequate remedy at law.

101.    Zheli's dilution of Crown's trademarks is willful.

## ELEVENTH CLAIM FOR RELIEF:  COPYRIGHT INFRINGEMENT

102.    Crown incorporates the allegations of paragraphs 1 through 101 of this Complaint as if fully restated.

103.    Crown is the owner of the copyright in the photographs attached to this Complaint as Exhibits M, N, and O ("the photographs").

104.    Crown has filed applications to register claims of copyright in the photographs with the Copyright Office of the Library of Congress.  The registrations will be effective as of the application dates.

105.    Zheli has infringed Crown's copyright in the photographs attached as exhibits M and N by using the photographs on its unforklift.com website, as shown by the screen shots of that website attached as Exhibit P.

106.    Zheli has infringed Crown's copyright in the photograph attached as Exhibit O by slightly altering that photograph and attaching it to a trademark application submitted to the United States Patent and Trademark Office in order to pass it off as a photograph of a Zheli lift truck.  An accurate copy of that trademark application is attached as Exhibit G.

107.    On December 15, 2008, Zheli is being provided with notice that its unauthorized use of material copyrighted by Crown violated Crown's rights.  An accurate copy of the December 15, 2008 letter is attached as Exhibit A.

108.    As a direct and proximate cause of Zheli's infringement of Crown's copyrights, Crown has suffered and will continue to suffer damage to its business, reputation and goodwill.

109.    Zheli's infringement of Crown's copyrights has caused and will continue to cause, until enjoined, irreparable injury as to which it has no adequate remedy at law

22

110.    Zheli's infringement of Crown's copyrights has been willful.

111.    As a direct and proximate result of Zheli's infringement of Crown's copyrights, Crown is entitled to injunctive relief pursuant to 17 U.S.C. § 502.

### TWELFTH CLAIM FOR RELIEF:  TORTIOUS INTERFERENCE WITH CONTRACT OR BUSINESS EXPECTANCY

112.    Crown incorporates the allegations of paragraphs 1 through 111 of this Complaint as if fully restated.

113.    Zheli has tortiously interfered with the business expectancies and contractual relations of Crown by attempting to induce numerous Crown dealers to breach their Dealer Agreements with Crown.

114.    On or about November 24, 2008, Zheli solicited numerous Crown dealers via email to carry Zheli's "un" forklift brand of lift trucks and to visit Zheli's website unforklift.com.

115.    Zheli is seeking to compete with Crown in the sale of lift trucks.  As alleged in this Complaint, the lift trucks that Zheli markets under the "un" forklift brand are deceptively similar to Crown trucks in their appearance, and Zheli has marketed those trucks with the intent to misappropriate the goodwill that Crown has built over many years with buyers of lift trucks.

116.    Zheli's solicitation of Crown dealers constitutes tortious interference with business expectancy and contract.  All of the Crown dealers in the United States to whom Zheli

23

directed its email solicitation have entered into a Dealer Agreement that provides that the dealer shall refrain from:

> " i) acting as a dealer or agent for any manufacturer or distributor of lift trucks, other than those relationships existing as of the effective date of this Agreement or (ii) expanding or adding to the types or lines of lift trucks carried by the dealer or agent as of the effective date of this agreement into types or lines that compete, in Crown's sole judgment, with the types or lines sold by Crown, without the prior written approval of Crown, which shall be provided only in the event that Crown, at its sole discretion, determines that the addition of such other relationships, lines, or types of lift trucks shall not in any way adversely affect Dealer's ability to fulfill its obligations under this Agreement or otherwise impede or detract from the sale and service of Crown equipment."

117.    Thus, under the Dealer Agreement, no dealer can add a competitive line without the prior knowledge, and express written approval, of Crown.

118.    Zheli has intentionally attempted to induce, encourage, and procure dealers' breach of their agreements with Crown.  Such conduct in interfering with Crown's contractual relationships with its dealers is improper and unjustified.

119.    Zheli is aware of the above-quoted provision of the Crown Dealer Agreement.  On December 15, 2008, Crown is sending a letter (an accurate copy of which is attached as Exhibit A) to Zheli notifying Zheli that Zheli's solicitations are interfering with Crown's relations with Crown's dealers, and demanding that Zheli immediately cease and desist its contact with or solicitation of any authorized dealers of Crown products in the United States or anywhere else in the world.

120.    As a direct and proximate cause of Zheli's tortious interference, Crown has suffered and will continue to suffer damage to its business, reputation and goodwill.

121.    Zheli's tortious interference has caused and will continue to cause, until enjoined, irreparable injury as to which it has no adequate remedy at law.

WHEREFORE, Crown demands judgment:

A.    Declaring that certain battery-powered lift trucks intended to be sold or offered for sale by Zheli infringe U.S. Pat. No. D441,936;

B.    Declaring that certain battery-powered lift trucks intended to be sold or offered for sale by Zheli infringe U.S. Pat. No. D466,669;

C.    Declaring that certain battery-powered lift trucks intended to be sold or offered for sale by Zheli infringe the trade dress of Crown's SC and FC series counterbalance lift trucks;

D.    Preliminarily and permanently enjoining any sale, offer for sale, advertising, or marketing (in any form, including but not limited to print, Internet, email, trade shows, demonstrations) by Zheli of the trucks currently designated as unforklift FB "battery forklift" trucks;

E.    Preliminarily and permanently enjoining any use by Zheli of the color beige or any color confusingly similar thereto on any lift trucks and from otherwise engaging in unfair competition with Crown;

F.    Preliminarily and permanently enjoining any use by Zheli, in commerce or in advertising or marketing, of Crown's Momentum trademark as shown in U.S. Reg. No. 2,735,391, or any mark confusingly similar in appearance;

G.      Preliminary and permanently enjoining use by Zheli, in commerce or, in advertising and marketing, or on the website www.unforklift.com or any other website, colors and a logo that are deceptively similar to the Crown colors and other Crown indicia;

H.      Permanently and preliminarily enjoining Zheli from pursuing U.S. Trademark application serial no. 77515033, and affirmatively ordering Zheli to withdraw its application;

I.       Preliminarily and permanently enjoining any use by Zheli, on the website www.unforklift.com or any other website, or use in any other manner, of photographs that are copyrighted by Crown;

J.       Awarding Crown its attorneys fees pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117(a)(3), 17 U.S.C. § 505, and Ohio Rev. Code § 4165.03;

K.      Awarding Crown its costs;

L.      Awarding Crown such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

D. Jeffrey Ireland (0010443)
    Trial Attorney
Donald E. Burton (0040553)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: (937) 227-3700
Telecopier: (937) 227-3717
Email: djireland@ficlaw.com

Attorneys for Plaintiff
Crown Equipment Corporation


## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

D. Jeffrey Ireland

202983.1

27